<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAREK FRANUSZKIEWICZ, | Civil Action No. 13-1172 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**APPEARANCES**:

    MAREK FRANUSZKIEWICZ, #J2012-23558
    Essex County Correctional Facility
    354 Doremus Avenue
    Newark, NJ   07105
    Plaintiff *Pro Se*

<u>**MARTINI, District Judge**</u>:

    Marek Franuszkiewicz, an immigration detainee who is incarcerated in Essex County Correctional Facility ("ECCF") in New Jersey, seeks to file a Complaint without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in Complaint and decline to exercise supplemental jurisdiction.

**I.   BACKGROUND**

    Marek Franuszkiewicz brings this action against the United States of America; Janet Napolitano, Secretary of the Department of Homeland Security ("DHS"); DHS Field Director John Tsoukaris; DHS Field Medical Director Lieutenant Commander Chhibber; ECCF Warden Roy Hendricks; ECCF Medical Director Dr. Anicette; and Detention service Manager Donna Campbell. (Complaint, ECF No. 1 at 1-5.) Plaintiff asserts the following facts, which this Court must regard as

true for the purposes of this review.  He asserts that DHS arrested him on October 15, 2012, and he was assigned to ECCF the next day.  He alleges that "[d]uring intake, a medical screening was done and it was determined" that Plaintiff needed to be placed on high blood pressure medication and a low sodium diet.  The blood work was done on November 16, 2012.  He alleges that on December 21, 2012, Nurse Practitioner Michael Ojilade spoke with him because Plaintiff had complained of dizziness which Plaintiff believed was caused by the misdiagnosis that he had high blood pressure.  He asserts that, although Ojilade was unable at that time to locate the results of the blood tests, Ojilade "put a 3 day hold on medication and ordered blood pressure readings," but the nurses thereafter directed him to resume taking the high blood pressure medication.  He asserts that on January 3, 2013, Nurse Practitioner Blackman informed him that the blood tests indicated that his cholesterol and sugar were high and he had a kidney infection.  Plaintiff asserts that an EKG was performed that day, more blood tests were performed, and he met with Nurse Practitioner again on February 13, 2013, but "nothing has been further done to this day."  (Complaint, ECF No. 1 at 6.)   He further asserts that on November 11, 2012, he injured his knees while climbing onto the top bunk and he hurt his ankle while getting down.  He states that an orthopedic medical provider addressed these conditions on November 17, 2012, but no x-rays were performed and he has not received proper care since that time, even though he experiences pain.  *Id.* at 8.

Plaintiff complains that his privacy rights were violated because, on many occasions, "the authorities made known to other detainees" his medical condition and his medications.  He states that he "notified Defendants of these violations but Defendants claim the[re was] no validity to investigate them [ ] further."  (Complaint, ECF No. 1 at 6.)

Plaintiff further asserts that the food "served to [him] does not meet up to nutritional standards," it is "prepared in [an] unclean and unsafe environment," and he found roaches in his food on five occasions between November 19, 2012, and January 8, 2013.  *Id.* at 7.   In addition, he alleges

that from October 23, 2012, until December 12, 2012, he was confined in a cell which had "frightening, scary and gang related drawings and writings on the door of the cell." *Id.* Plaintiff alleges that he complained to two different corrections officers about the images on the cell door, without success, and he sent a letter on October 31, 2012, to the Inspector General of the DHS in which he requested that the door be repainted. Plaintiff asserts that on December 12, 2012, Sgt. Berlettoni and Mr. Steven Beyers came to his cell, took photographs of the cell door, and moved Plaintiff and the other inmates out of the cell for two days while the cell door was painted. Plaintiff further complains that he has been unable to obtain a good night's sleep because the mattress is thin and there are approximately 25 announcements over the intercom during each night.

For violation of his constitutional rights, he seeks damages and injunctive relief directing DHS officials to provide adequate medical care and to protect his privacy. (Complaint, ECF No. 1 at 8-9.)

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis,* *see* 28 U.S.C. § 1915(e)(2)(B), a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or a prisoner brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; *see also* 28 U.S.C. § 1331.  Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2]  To recover under § 1983, a plaintiff

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[2]   The statute provides in relevant part:

must show: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001).[3] To state a claim for damages under *Bivens*, a plaintiff must show that federal officers violated his constitutional rights. *See Malesko*, 534 U.S. at 66.

In this case, Plaintiff sues the United States, federal officials employed by the DHS, and officials employed at ECCF. This Court construes the Complaint as attempting to assert a claim against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b), 2671-80, against the federal officers under *Bivens,* and against the local officials under § 1983.

A.     Federal Tort Claims Act

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the FTCA, a person may recover damages from the United States for injury caused by the negligent or wrongful

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[3] In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court recognized an implied damages remedy against federal officers under the Due Process Clause of the Fifth Amendment.

act or omission of any federal employee acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *See* 28 U.S.C. § 1346(b).  The FTCA provides that a plaintiff cannot institute suit until he presents his claim to the federal agency.  *See* 28 U.S.C. § 2675(a).[4]  If the agency denies the claim or does not resolve it within six months, then the claimant may file a civil action in the District Court.  *Id.*; *Santos ex rel. Beato v. United States,* 559 F.3d 189, 193 (3d Cir. 2009).  An agency's final denial of the tort claim is a jurisdictional requirement.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Lightfoot v. United States,* 564 F.3d 625, 626-27 (3d Cir. 2009) (holding that the FTCA's requirement that a claimant must present the claim to the relevant federal agency and that the claim must be denied before bringing suit against the United States is jurisdictional); *Wadhwa v. Nicholson,* 367 F.App'x 322, 324 (3d Cir. 2010) ("Because they lacked a final agency denial, Appellants failed to satisfy a jurisdictional prerequisite to initiating a civil action under the FTCA" and the District Court properly dismissed the action).

---

[4] Section 2675 provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a).

In this case, although Plaintiff names the United States as defendant, he does not assert facts showing that he presented his claims to the DHS and that he obtained a final agency decision. Accordingly, this Court lacks jurisdiction over the FTCA claims. *See McNeil,* 508 U.S. at 113; *Lightfoot,* 564 F.3d at 626-27; *Wadhwa,* 367 F.App'x at 324. This Court will dismiss the FTCA claims for failure to state a claim upon which relief may be granted, without prejudice to Plaintiff's refiling the claim within the two-year limitations period once the claims have been properly exhausted.[5] *See Wadhwa,* 367 F.App'x at 325.

B.   Claims Against Individual Defendants

To state a claim under *Bivens* or § 1983 against an individual defendant, Plaintiff must allege facts showing that the individual defendant participated in the alleged wrongdoing amounting to a violation of his constitutional rights. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). In this Complaint, Plaintiff sets forth no facts specifying what each individual defendant did or failed to do. Nor does he provide any factual support linking any defendant to the alleged misdiagnosis of high blood pressure, the alleged failure to provide adequate medical care, the alleged violation of his privacy rights, the alleged failure to provide an adequate diet, or the alleged failure to provide adequate conditions of confinement. *See Iqbal,* 556 U.S. at 678 ("[T]he pleading standard Rule 8

---

[5] If Plaintiff has presented his claims to DHS and obtained a final agency decision, but he neglected to plead these facts, then he may file an amended complaint in this action, provided he does so in accordance with the terms of the accompanying Order.

announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . .  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (citations and internal quotation marks omitted).  Under these circumstances, the Complaint, as written, fails to state a claim under § 1983 or *Bivens* against any of the individual defendants.

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc*., 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Because it conceivable that Plaintiff may be able to assert facts asserting a federal claim against the United States under the FTCA or showing that at least one individual defendant violated his constitutional rights, this Court will grant Plaintiff 30 days to file an amended complaint that (1) is complete on its face and (2) asserts facts stating a federal claim against the named defendants.

C.      Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."   *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).  Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).  In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the

8

litigation and declines to exercise supplemental jurisdiction over any claims Plaintiff may have under New Jersey law.

### III.   CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis,* dismisses the federal claims raised in the Complaint, and declines to exercise supplemental jurisdiction.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: February 26, 2014